IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 3:20-cr-42 |
| | ) | |
| TERRY LEE DOUGLAS, III, | ) | GOVERNMENT'S |
| | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |
| | ) | |

The United States of America, by and through its undersigned counsel, respectfully submits this Sentencing Memorandum to address sentencing issues, highlight pertinent facts and law, and to make a sentencing recommendation.

**Brief Factual Background**

Defendant Douglas is 34 years old and has been involved in the criminal justice system since he was a teenager. (PSR p. 3, ¶¶ 38, 39, 40, 41, 42). He had numerous violations of the conditions of probation. (PSR ¶ 41). When Douglas was 22 years old, he was caught with cocaine, charged with possession with intent to deliver and eventually pleaded guilty to the lesser-included offense. (PSR ¶ 44) He also distributed cocaine and marijuana in Johnson County, was convicted of delivery of drugs in two cases and granted probation. (PSR ¶ 45, 46) Douglas had multiple probation violations and his probation was revoked in 2013. *Id.* From 2013 to 2019, Douglas was involved in several serious driving offenses including multiple arrests for OWI and Driving While Barred/Habitual Offender. (PSR ¶¶ 48-52, PSR Dkt. #77 p. 47)

Douglas was dealing in "ice" methamphetamine for several months in 2019

and 2020. (PSR ¶¶ 10-19a, b, d) Douglas received half-pounds and pounds of "ice" from Jeff Goins, a large-scale methamphetamine supplier in Iowa City, until Goins was finally arrested in late February 2020. (PSR ¶¶ 13 & 19; *see also United States v. Goins*, 3:20-cr-40) On January 4, 2020, Douglas was caught with more than a quarter kilogram of "ice." (PSR ¶ 11)

The arrest of Goins did not stop Douglas. He found other suppliers and kept dealing "ice." According to Facebook records and through the use of informants, law enforcement established that Douglas sold "ice" to numerous individuals and that he utilized Shae Cohagen to assist him in his drug trafficking activities including having Cohagen drive Douglas around to serve his customers, having a car that was used for drug trafficking put in Cohagen's name, and having Cohagen collect money from drug transactions. (PSR ¶¶ 7, 8, 10, 19, 19c, 19d, 19e) On May 4, 2020, Douglas recruited Crystal Ecker to drive Douglas to Galesburg to meet with his drug supplier and get more drugs. (PSR ¶ 8)

## II. Guidelines

### A. Drug Quantity

The Government asserts that Douglas should be held accountable for at least 1.5 kilograms (3.3 pounds) of "ice." More than 300 grams of ice were seized during this investigation including 250 grams seized from Douglas on January 4, 2020 and 2 ounces in May of 2020. Douglas admits he purchased a pound of "ice" in a single transaction on February 14, 2020. Additional quantities are attributable to him from regular and continuous sales after February and his arrest in May.

The Guidelines Manual states: "Where . . . the amount (of drugs) seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1, comment. (n. 5). In a drug conspiracy, a defendant is held responsible for all reasonably foreseeable drug quantities that were within the scope of the criminal activity that he jointly undertook. *United States v. Titlbach,* 300 F.3d 919, 923 (8th Cir. 2002). The sentencing court must "find by a preponderance of the evidence that the activity involving those drugs was in furtherance of the conspiracy and either known to that defendant or reasonably foreseeable to him." *United States v. Mickelson,* 378 F.3d 810, 822 (8th Cir. 2004).

Here, Douglas admitted the one-pound transaction with Goins and Hudson in February of 2020. (See Plea Agreement ¶ 8d) He further admitted to conspiracy with Goins and Ecker beginning by January of 2020, or earlier, and he was caught with a quarter kilogram of "ice" in early January. (PSR ¶ 8a, 8b) Goins described selling half-pounds and pounds of "ice" to Douglas.

But, Douglas claims he is responsible for only 863 grams of ice (see PSR–Defendant's Objection #7), and denies additional quantities. This amount does not include the additional amounts Goins supplied or the amounts reasonably foreseeable to Douglas. Under § 2D1.1(C) (Drug Quantity Table), at least 1.5 kilograms but less than 4.5 kilograms of ice establishes a Base Offense Level of 36. This is conservative.

3

### B. Aggravating Role in the Offense

Under 28 U.S.C. § 994 the Sentencing Commission is directed to consider whether certain enumerated offender characteristics "have any relevance to the nature, extent, place of service, or other incidents of an appropriate sentence, and to take them into account only to the extent that they do have relevance." Among the characteristics listed is the defendant's role in the offense. The legislative history suggests that the Commission address the significance of whether the offender initiated the criminal activity or followed the direction of others, and whether he was a major or minor participant in the crime. These considerations are clearly important in determining the length of a prison sentence. Consequently, Chapter 3, Part B of the guidelines provides aggravating and mitigating adjustments based upon the defendant's relative level of responsibility in the offense. Under guideline 3B1.1, an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive receives a four-level increase above the otherwise applicable offense level, while one who is a manager or supervisor but is not an organizer or leader receives an increase of three levels. The Presentence Report for Douglas does not assess any levels for any aggravating role in the offense and the Government objects.

Section 3B1.1, note 4 states:

*Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority*

> *exercised over others. There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy. This adjustment does not apply to a defendant who merely suggests committing the offense.*

"A manager or supervisor need only have managed or supervised one other participant in criminal activity, and the enhancement may apply even if the management activity was "limited to a single transaction." *United States v. Guzman*, 946 F.3d 1004, 1008 (8th Cir. 2020). Utilizing a driver to drop off drugs or to take the defendant "around to deliver methamphetamine and pick up money" supports the enhancement. *United States v. Lewis*, 976 F.3d 787, 798 (8th Cir. 2020) (defendant "directed and controlled" his drivers to transport him to deliver drugs "as part of the conspiracy"); *United States v. Cole*, 657 F.3d 685, 687-88 (8th Cir. 2011) (holding district court did not clearly err in finding defendant was a manager or supervisor because he directed a coconspirator to drive him to deliver drugs). In *United States v. Logan*, 54 F.3d 452, 456 (8th Cir. 1995) the aggravating role adjustment was applied when the defendant furnished her grandson to be a driver when a co-conspirator came to Chicago to buy heroin. *See also United States v. White*, 827 F. App'x 607, 609 (8th Cir. 2020) (using a getaway driver for a robbery enough).

Here, the evidence shows, and Douglas does not object, that Shae Cohagen drove him around to serve his customers. The Facebook records show that she also collected drug money for him and otherwise assisted Douglas with customers. This guideline enhancement was designed to address this exact conduct – when a defendant utilizes the services of other criminals to complete drug transactions, he is

5

more culpable than one who involves no one else and handles all of his own business. If recruiting a person to drive for a single transaction satisfies the guideline then having an individual drive on multiple occasions clearly supports the enhancement and meets the rationale for it. Here, Douglas's use of Cohagen to assist him in his drug activities satisfies the a 3-level upward adjustment.

### C. Criminal History

Douglas claims his driving while barred convictions should not receive criminal history points. The "driving while barred" offenses at issue here are "aggravated misdemeanor[s]" in the Iowa Code but are punishable by up to two years' imprisonment. *See* Iowa Code §§ 321.561 & 903.1(2). Douglas claims they fall under § 4A1.2(c)(1) and do not count because they are similar to the offense of driving with a revoked license. Eighth Circuit precent settles the matter. In *United States v. Phillips*, 633 F.3d 1147, 1148 (8th Cir.2011), the Court held that "an Iowa conviction for an aggravated misdemeanor is treated as a felony offense for purposes of § 4A1.2(c)." "And, unlike misdemeanors, all felony offenses are included in the calculation of a defendant's criminal history." *Id.*; U.S.S.G. § 4A1.2(c)(1). *See United States v. Kammerude,* 440 F. App'x 519, 520 (8th Cir. 2011). Accordingly, Douglas's Criminal History Category is IV.

### D. Guideline calculations

A Base Offense Level of 36 and a 3-level upward adjustment for an aggravating role (+3 levels) produces an Adjusted Offense Level of 39. A three-level reduction for accepting responsibility results in a Total Offense Level of 36.   The Criminal History

Category is IV. This creates an advisory guideline range of 262 to 327 months.

**III. Government's Recommendation**

Title 18, United States Code, Section 3553(a) mandates a sentence that is sufficient to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; it must afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. In addition, the Court is to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (a)(6).

This is a very serious case. Douglas has been involved in serious criminal activity from an early age. His drug dealing started more than a decade ago. It cannot be disputed that he was deeply involved in this conspiracy. He was able to get a pound of "ice" with ease and distributed substantial quantities of the drug as a daily activity. After he was caught in January of 2020 with a duffel bag stuffed with drugs, he went right back into business. He exploited others and utilized at least one other person to do his bidding. A substantial sentence is needed to promote respect for the law and provide just punishment. Only a substantial prison sentence will afford adequate deterrence to criminal conduct and protect the public from further crimes of Douglas. Based upon these considerations, the nature and circumstances of the offense and the

history and characteristics of the defendant, including his continued involvement in drug dealing after arrests and convictions for the same type of activity, managing another person, a substantial sentence is appropriate.

> Respectfully submitted,
>
> Richard D. Westphal
> Acting United States Attorney

By: */s/ Clifford R. Cronk III*
Clifford R. Cronk, III
Assistant United States Attorney
U.S. Courthouse, Suite 310
131 East Fourth Street
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: cliff.cronk@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2021, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on counsel for the defendant by CM/ECF electronic filing.

UNITED STATES ATTORNEY

By: */s/ Cliff Cronk*